No. 79
COUNTY BD. OF SCHOOL EX. v. STATE
Ohio Appeals. 4th Dist. Highland Co.
No.    Decided Dec. 11, 1924

1227 WORDS AND PHRASES—Word "may" construed as mandatory only where public interest involved or interest of third person.

1065 SCHOOLS—1. Under 7832 GC. school examiners can impose reasonable tests.

MIDDLETON, P. J.

### Epitomized Opinion
Published only in Ohio Law Abstract

This was an action in mandamus brought by Bradley, a school teacher of Richland County. Under 7832 GC. Bradley applied to the county board of school examiners for a renewal of an elementary certificate. With his application he filed a certificate from the director of education, which set forth a full compliance with the conditions prescribed by such director for the renewal of said certificate as required by the provisions of the statute in question. The board of examiners, however, before granting a renewal, required the relator to take an examination in a professional study, which, after two attempts he failed to pass. The school board refused to grant his application for a renewal of his certificate, and he then instituted this action to compel said board to renew his certificate upon the ground that the provisions of the statute aforesaid imposed a mandatory duty on the board and he was entitled to such renewal as a matter of right. The common pleas took this view of the controversy and allowed the writ of appeals. In reversing the judgment, the court of appeals held:

1. The word "may" when used in statutory enactments is never construed as mandatory for the purpose of creating a right except where the rights of a third party or those of the public are involved.

2. As neither the public nor a third party are directly interested, the word "may" as used in section 7532 GC. cannot be construed as mandatory in character; therefore the statute is directory only.

3. Under Sec. 7832 GC. the county board of examiners, in the exercise of its general powers, may require some reasonable test in addition to the conditions prescribed by the director to determine the ability and fitness of a teacher to continue in the profession.

Attorneys—Cyrus Newby and Donald S. Durnell, Hillsboro for examiners; H. S. Pulse, for State.

7832 GC. School examiners may impose reasonable tests to determine ability of teacher.